UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ABEL LEON VEGA,**

    **Plaintiff,**

v.                                                                                  CASE NO.:

**FRIENDS OF DOLPHINS, LLC**
**d/b/a FLIPPERS CARWASH**
**and SHELDON PLAZA, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ABEL LEON VEGA, by and through undersigned counsel, brings this action against Defendants, FRIENDS OF DOLPHINS, LLC d/b/a FLIPPERS CARWASH and SHELDON PLAZA, LLC ("Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendants jointly operate a car wash company in, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

10. At all times material hereto, Defendants were "employers" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants continue to be "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

18. Plaintiff began working for Defendants as a maintenance technician in September 2017, and he worked in this capacity until December 16, 2022.

19. On or about July 13, 2022, Plaintiff was injured at work. Specifically, Plaintiff injured his toes, feet, and leg, and hip.

20. On or about July 13, 2022, Plaintiff notified Defendants of the injury that he had suffered at work.

21. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work.

22. In November 2022, Plaintiff requested to file a Workers' Compensation claim.

23. Defendants refused to allow Plaintiff to file a Workers' Compensation claim.

24. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

25. Specifically, Plaintiff attempted to file a Workers' Compensation claim.

26. On or about December 16, 2022, Defendants retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating Plaintiff's employment.

27. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

28. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

29. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

**COUNT I – WORKERS' COMPENSATION RETALIATION**

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

31. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

32. Defendants retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

33. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment stating that Defendants retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Compensatory damages, including damages recoverable for emotional distress allowable at law; and

    f)    For such further relief as this Court deems just.

## COUNT II– FLSA OVERTIME VIOLATION

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of May, 2023.

                            Respectfully submitted,

                            */s/ Luis A. Cabassa*

                            _____
                            **LUIS A. CABASSA**
                            Florida Bar No.: 0053643
                            Direct Dial: (813) 379-2565
                            **SAWYER N. FRESCOLN**
                            Florida Bar No. 1034987
                            Direct Dial: (813) 337-7993
                            **WENZEL FENTON CABASSA, P.A.**
                            1110 N. Florida Avenue, Suite 300
                            Tampa, Florida 33602
                            Main Number: 813-224-0431
                            Facsimile: 813-229-8712
                            Email: lcabassa@wfclaw.com
                            Email: sfrescoln@wfclaw.com
                            Email: gdesane@wfclaw.com
                            **Attorneys for Plaintiff**