UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABEL LEON VEGA,

    Plaintiff,

v.                                          Case No. 8:23-cv-00993-CEH-NHA

FRIENDS OF DOLPHINS, LLC, *et al.*,

    Defendants.

_____/

## **ORDER**

The Court grants Plaintiff Abel Leon Vega's second motion for entry of Clerk's default against Defendants Friends of Dolphins, LLC and Sheldon Plaza, LLC (Doc. 23).

## **Background**

Plaintiff alleges Defendants violated the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Doc. 1. On May 5, 2023, Plaintiff filed his original Complaint against Defendants. *Id.* Plaintiff alleges that, on May 10, 2023, he properly served Defendants' Registered Agent, Catherine Weis, with the original complaint (Docs. 9, 10), that Defendants were required to respond by May 31, 2023, and that they failed

to answer or otherwise demonstrate an intent to defend the suit. Doc. 11. Accordingly, on June 8, 2023, Plaintiff filed his first motion for Clerk's default. Doc. 11. The Clerk entered default against both Defendants (Docs. 12, 13) and Plaintiff subsequently moved for final default judgment (Doc. 14).

In reviewing Plaintiff's motion for final default judgment, the Court found Plaintiff's Complaint alleged insufficient facts to support entry of default judgment, and denied the motion without prejudice. Doc. 17. Plaintiff then filed an Amended Complaint (Doc. 21), which it served on Defendants via certified mail on April 3, 2024 (Doc. 22). Plaintiff now avers that Defendants failed to timely respond to the Amended Complaint, and files a second motion for Clerk's default against both Defendants. Doc. 23.

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process of complaints on United States corporations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Service of an amended pleading, however, is governed by Federal Rule of Civil Procedure 5, which states that service is complete when a party mails the amended complaint to the defendant's last known address. FED. R. CIV. P. 5(a)(1)(B), (b)(2)(C).

Here, the return of service demonstrates that Plaintiff served the original Complaint on Friends of Dolphins on May 10, 2023, by serving a copy of the summons and complaint on Catherine Weis. Doc. 9. Records of the Florida Department of State, Division of Corporations ("Sunbiz"),

3

confirm Ms. Weis is the registered agent of Friends of Dolphins.[1] And, Plaintiff served the Amended Complaint by mailing it to the address listed on Sunbiz for Friends of Dolphins on April 3, 2024. Doc. 22. Thus, Plaintiff served Friends of Dolphins in accordance with Rules 4 and 5.

As to Sheldon Plaza, the return of service demonstrates that Plaintiff served the original Complaint on Sheldon Plaza on May 10, 2023, by serving a copy of the summons and complaint on Catherine Weis. Doc. 10. Sunbiz records confirm Ms. Weis is the registered agent of Sheldon Plaza. And, Plaintiff served the Amended Complaint on April 3, 2024, by mailing it to the address listed on Sunbiz for Sheldon Plaza. Thus, Plaintiff served Sheldon Plaza in accordance with Rules 4 and 5.

Defendants had until May 31, 2023, 21 days after being served with the summons and original complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). And, they had until April 17, 2024, 14 days after being

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

4

served with the amended complaint to answer or otherwise respond. FED. R. CIV. P. 15(a)(3). Neither Defendant has answered or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Plaintiff timely moved for Clerk's default under Local Rule 1.10(b). Doc. 23.

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 23) is GRANTED.
2. The Clerk is DIRECTED to enter default against Defendants Friends of Dolphins, LLC and Sheldon Plaza, LLC.
3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on April 22, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge