UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABEL LEON VEGA,

    Plaintiff,

v.                          Case No. : 8:23-cv-993-CEH-MRM

FRIENDS OF DOLPHINS, LLC
and SHELDON PLAZA, LLC,

    Defendant.
_____/

## PLAINTIFF'S SECOND MOTION FOR ENTRY OF FINAL JUDGMENT AND FOR ATTORNEYS' FEES AND COSTS

Plaintiff, ABEL LEON VEGA, pursuant to Rules 54, 55, and 58 of the Federal Rules of Civil Procedure, hereby moves for entry of a final judgment, including as to attorneys' fees and costs, against FRIENDS OF DOLPHINS, LLC and SHELDON PLAZA, LLC, ("Defendants"), for the reasons detailed below.

### Supporting Facts

1. This is a lawsuit brought under the Florida Workers' Compensation Act ("FWCA"), Section 440.205 Fla. Stat., for violations of the FWCA's anti-retaliation provision (Count I), and the Fair Labor Standards Act ("FLSA"), for overtime violations (Count II).

2. The Defendants were served with a copy of the Complaint on May 10, 2023. (Doc. 9 and 10). The Defendants have not retained counsel and have failed to file an answer or responsive pleading to Plaintiff's Complaint.

3. On April 3, 2024, Plaintiff filed an Amended Complaint. (Doc. 22).

4. The Defendants were served with a copy of the Complaint on April 3, 2024. (Doc. 22 and 23). The Defendants failed to file an answer or responsive pleading to Plaintiff's Amended Complaint.

5. On April 24, 2024, the Court's Clerk entered Clerk's Defaults against the Defendants. (Doc. 23, 24, 25, and 26).

6. Plaintiff is now seeking a final judgment as to damages, and as to fees and costs against the Defendants.

7. Attached is a proposed final judgment that includes the following awarded amounts against the Defendants:

   a) $19,241.12 in damages;

   b) $12,123 for fees and costs; and

   c) applicable interest on damages and fees until the date all payments are made by the Defendants to Plaintiff.

8. Attached hereto as Exhibit A is the affidavit supporting Plaintiff's claims and damages; Exhibit B is Plaintiff's counsel's affidavit supporting the attorneys' fees and costs sought herein; Exhibit C is Plaintiff's counsel time sheet and invoice detailing his services; Exhibit D is a receipt of amount charged

for two services fees; and, finally, attached as Exhibit E is a proposed final judgment.

## Jurisdiction

The Court has subject matter jurisdiction over this case based on federal question jurisdiction under 28 U.S.C. § 1331 because the well-pleaded allegations of Plaintiff's complaint seek relief against Defendants for violations of the FLSA (Doc. 21, ¶ 1-2). The Court has supplemental jurisdiction over this case under 28 U.S.C. § 1367 because the well-pleaded allegations of Plaintiff's Complaint seek relief against Defendants for violations of the Florida Workers' Compensation Act ("FWCA"), Section 440.205 Fla. Stat.. (Doc. 21, ¶ 1). Finally, this Court has personal jurisdiction over Plaintiff because Defendants are two Florida limited liability companies (Doc. 21 ¶ 5 and Ex. A, ¶ 3) who jointly operate a business in Hillsborough County, Florida (Doc. 21, ¶ 5), and employed Plaintiff in Hillsborough County, Florida. (Doc. 21, ¶ 4).

## MEMORANDUM OF LAW

### I. Argument

#### A. Count I – Workers' Compensation Retaliation

According to the Eleventh Circuit, "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th

Cir. 2009) (internal quotations and citations omitted). The Florida Supreme Court has held that a § 440.205 claim is analogous to suits for intentional torts which allow recovery for emotional distress and lost wages, i.e., "back pay," from employers. *Scott v. Otis Elevator*, 572 So.2d 902 (Fla. 1990).

The plain language of 440.205 states that an employee need only "attempt to claim compensation under the Workers' Compensation Law." Long ago in *Scott v. Otis Elevator Co.*, 572 So. 2d 902, 903 (Fla. 1990), the Florida Supreme Court held that "Section 440.205 reflects the public policy that an employee shall not be discharged for filing or threatening to file a workers' compensation claim." (Emphasis added). Here, Plaintiff's Complaint and Affidavit unequivocally establishes that he informed Defendant of his injuries, specifically injuries to his toes, feet, leg and hip, and requested to file a Worker's Compensation claim. That is enough to establish Plaintiff engaged in a protected activity. *See Flores v. Roof Tile Admin., Inc.*, 887 So. 2d 360, 361, (Fla. 3d DCA 2004)(employer appealed denial of summary judgment by lower court and appellate court denied rehearing, in part, because "Baca testified that he had relayed a message from the plaintiff to the crew chief that the plaintiff needed to see a doctor and wanted the company to pay for it.")

Plaintiff's Amended Complaint and the Affidavit filed in support of this motion (*see* Exhibit A and Doc. 21) sufficiently plead and establish that Plaintiff is owed the damages he is seeking, including as to his Fla. Stat. 440.205 claim.

4

Importantly, the plain language of Fla. Stat. 440.205 does not require Plaintiff to actually file a claim seeking worker's compensation benefits. Rather, Fla. Stat. 440.205 only requires Plaintiff "attempted" to claim compensation under FWCA:

> <u>440.205   Coercion of employees</u> — No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation ***or attempt to claim compensation under the Workers' Compensation Law.***

(Emphasis added).

In his Complaint, Plaintiff clearly establishes that he "attempted" to claim compensation under the Workers' Compensation Law after he was injured on July 13, 2022, while working for Defendant. Additionally, Plaintiff provided the following testimony in his affidavit:

> 6. On July 13, 2022, I injured my toes, feet, leg, and hip while working for Defendant.
>
> 7. In November 2022, I spoke with my Defendant's third-party Human Resources provider, and requested to file a Workers' Compensation claim.
>
> 8. Mirta Espinal, a representative of the third-party Human Resources provider, contacted me and told that she spoke with Defendants' owner, Tazim Roshandli Jaffer, who told her to instruct me not to file a Workers' Compensation claim.
>
> 9. Instead, the owner told Ms. Espinal that Defendants would pay my medical bills because "it would be cheaper than having a claim with Workers' Compensation."
>
> 10. In August 2022, I returned to work.
>
> 11. On November 21, 2022, I received a total hip replacement.

5

    12.    After my surgery, Mr. Jaffer told me I was now allowed to file a Workers' Compensation claim and I contacted Ms. Espinal and attempted to do so.

    13.    On December 22, 2022, Defendant fired me in retaliation for attempting to file my Worker's Compensation claim.

(Ex. A, p. ¶¶ 6-13).

Because the language of Fla. Stat. 440.205 is clear and unambiguous, it must be given its plain and ordinary meaning. The statute at issue here protects <u>attempts</u> to claim compensation under the Workers' Compensation Law. As a result, the Court should determine that Plaintiff attempted to claim compensation under the Workers' Compensation Law, and grant Plaintiff's back pay request for damages under Fla. Stat. 440.205. *See Broward v. Jacksonville Med. Ctr.*, 690 So.2d 589, 591 (Fla. 1997) ("Florida's workers' compensation laws are remedial in nature" and should be liberally construed in favor of granting access to the remedy provided by the Legislature.).

    **B.**    **Count II – FLSA Overtime Violation**

According to the Eleventh Circuit, "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted). As to whether a plaintiff was a covered employee under the FLSA, a plaintiff need only demonstrate: (1)

6

that the Defendant employed him or her; and 2) that either (a) she was engaged in interstate commerce, or (b) Defendant is an enterprise engaged in interstate commerce. *See Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

In the instant case, Plaintiff's Amended Complaint contains all of the allegations required to state a claim under the FLSA for failure to pay Plaintiff overtime wages. As described herein, Plaintiff identified the basis of the Court's jurisdiction –28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff's Complaint alleges that Defendants are Florida limited liability companies, do business and operate car washes in Hillsborough County, Florida, and are subject to the requirements of the FLSA. (Doc. 21, ¶ 5). Plaintiff alleges that Defendants were Plaintiff's employers pursuant to the FLSA, (Doc. 21, ¶ 12), and that Defendants employed Plaintiff as a maintenance technician at a car wash in Hillsborough County, Florida. (Doc. 21, ¶ ¶ 3 and 18).

Furthermore, Plaintiff's Complaint sufficiently alleges both individual and enterprise coverage under the FLSA. Here, Plaintiff alleges in their Complaint that, at all times material, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA, (Doc. 21, ¶ 11). Specifically, Defendants utilized machines, equipment, tools, supplies, and cleaners which had moved through interstate commerce, he utilized interstate banking and finance systems, and he regularly and recurrently

7

used interstate telephones. *Id.* Plaintiff alleges that Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s), (Doc. 21, ¶ 12 and Ex A ¶4), that Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s), (Doc. 21, ¶ 15 and Ex A ¶4), and that Defendants' annual gross sales volume or business done exceeded $500,000 per year. (Doc. 21, ¶ 16).

As a maintenance technician, Plaintiff's duties were to wash and detail cars, as well as to do maintenance on the car washing machines as required. Plaintiff regularly worked with machines, equipment, tools, supplies, and cleaner which had moved through interstate commerce. Once a week, Plaintiff collected the money from Defendants' auto-pay machines at the two locations where he worked. He then deposited the money at a bank on behalf of Defendants. Thus, Plaintiff was an employee "handling, selling, or otherwise working on goods or materials that have moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A). Depositing money into a bank is an act that involves interstate banking and finance system. Taken as true, Plaintiff's use of materials that have been moved in or produced for commerce and his engagement with the interstate banking and finance system, are sufficient to satisfy the interstate commerce component of enterprise coverage. *Salle v. Nirvana Invs. LLC*, No. 215CV229FTM29MRM, 2015 WL 7272681 (M.D. Fla. Nov. 18, 2015) *citing Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 07-CV-2359, 2008 WL

793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Collectively, the two locations where Plaintiff worked made $7,000 a week, or $364,000 a year. Defendants also owned two pieces of property that were rented out for $20,000 a month and $5,000 a month respectively, for a collective total of $300,000 a year. Finally, Defendants operated a third car wash that made more than either of the car washes where Plaintiff worked. Defendants' annual gross sales volume or business done well exceeded $500,000. At the pleading stage, "bare bones [revenue] allegations are acceptable for enterprise coverage" as the employee cannot be expected to have specific knowledge of his employer's finances." *Id*. Thus, Plaintiff has sufficiently alleged enterprise coverage under the FLSA. *See Kinne v. IMED Health Prod., LLC*, No. CV 18-62183-CIV, 2019 WL 2866787, at *3 (S.D. Fla. July 3, 2019) (and cases cited therein) (discussing that under the FLSA, a determination as to whether an enterprise is engaged in commerce is subject to reasonable inferences); *Charles v. Artistic Landscape Creations, Inc.*, No. 14-62740-CIV, 2015 WL 11201175, at *2 (S.D. Fla. Apr. 20, 2015) (finding it reasonable to infer on motion to dismiss that enterprise coverage existed where the plaintiff alleged that he was a driver of landscape vehicles).

An employee engaged in interstate commerce must be paid an overtime premium for all hours he works in excess of forty hours within a work week. 29 U.S.C. § 215(a)(3). In order to establish an overtime claim, a plaintiff must allege that 1) he was employed during the time period involved, 2) he was engaged in

9

commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce, and 3) that the employer failed to pay the overtime premium as required by law. *See Eleventh Circuit Pattern Jury Instructions – Civil 4.14* (2013). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the [FLSA]." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

Plaintiff alleges that he was employed by Defendants from September 2017 to December 16, 2022, as a maintenance technician at a car wash (Doc. 21, ¶¶ 4, 18 and Ex A. ¶2-3), he was engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA and that Defendants willfully failed to properly compensate Plaintiff for hours that he worked in excess of forty (40) hours within a work week for Defendant at an overtime premium, (Doc. 21, ¶¶ 27-29, 33-35 ). These allegations are sufficient to state a claim for a violation of the FLSA. *See Gonzalez v. Unidad of Miami Beach, Inc.*, Case No. 11-20649-CIV-HUCK, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) ("This Court has previously held that a complaint alleging that Defendant's employees 'regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce,' and that Defendants 'was an enterprise engaged in commerce ... as defined by the FLSA,' was

sufficient under the pleading standards of Rule 8(a)"). Therefore, as the Court accepts Plaintiff's factual allegations as true, Plaintiff has sufficiently alleged that Defendants were employers, that Plaintiff was an employee of Defendants, and that Defendants failed to pay Plaintiff on overtime premium wage for all hours that he worked.

## II.   Plaintiff is entitled to a final judgment as to damages.

Pursuant to Fed.R.Civ.P 55(b), because Plaintiff's claims are "for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Plaintiff is seeking entry of a judgment for $19,241.12 in damages and $12,123.00 in fees and costs, for a total judgment of $31,364.12. This amount represents the gross damages sought by Plaintiff, plus the liquidated damages provided for under the FLSA, and fees and costs. Plaintiff has opted to voluntarily forego any compensatory damages for emotional distress, and any punitive damages under his FWCA claim, thereby eliminating the need for a trial on damages.

## III.   Plaintiff is entitled to an award of attorneys' fees and costs.

It is well established that a prevailing FLSA plaintiff, Plaintiff is entitled to recover attorneys' fees and costs, based on language in the FLSA,

11

which provides that "'[t]he court…shall in addition to any judgment awarded to the plaintiff…., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). The FLSA provides for a mandatory award of fees. *See Kreager v Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Further, Plaintiff is entitled to recover the costs of the action, and, in the court's discretion, reasonable attorneys' fees. 26 U.S.C. § 7434(b)(2)-(3). Here Plaintiff is seeking fees totaling $11,635 and costs totaling $488. Both amounts are reasonable and supported by the attached Affidavits.

### A. **Amount of Attorney's Fees**

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonable hourly rate is derived by the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895-96, n.11 (1984)).

A review of Plaintiff's counsel's actions in prosecuting this case and of the fees incurred in so doing will show that the hours expended and hourly rates are reasonable. *See* Exhibits "B" and "C'.

### B. Number of Hours Expended

Plaintiff's counsel expended a reasonable number of hours to prosecute these claims thus far (17.9). In fact, but for Defendant's refusal to cooperate with the litigation process, the drafting and filing of this Motion, would not have been necessary. Attached as Exhibit "C" is an accurate description of the time Plaintiff's attorneys spent and services provided while working on this matter. The Court should find the number of hours claimed by Plaintiff is reasonable.

### C. Reasonable Hourly Rates

The lodestar method is used to determine a reasonable fee award and is calculated by multiplying the number of hours reasonable expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Counsel for Plaintiff charged reasonable hourly rates for its lawyers given the firm's size, reputation, and resources, and the experience and skill level of the attorneys who worked on the case. Plaintiff is

13

seeking to recover $650 per hour for the 17.9 hours spent by the undersigned prosecuting this case.[1] The hourly rate requested by Plaintiff's counsel is in keeping with the prevailing market rates charged in similar employment cases by attorneys with comparable skill, reputation, and experience. Plaintiff counsel's fee request is based on an hourly rate of $650 for Luis A. Cabassa (practicing law for nearly 29 years and Board Certified in Employment Law by the Florida Bar) and is reasonable and in line with the rates in this District. *See Wiles v. Astrue*, No. 8:07-CV-1602-J-TEM, 2011 WL 766230 (M.D. Fla. Feb. 25, 2011). At least one Court in this District has approved an hourly rate of $675 for Plaintiff's counsel. *McNamara v. Brenntag Mid-South, Inc.*, no. 8:21-cv-618 (M.D. Fla. Feb. 17, 2022) (Doc. 32). Accordingly, the rate proposed by Plaintiff's counsel is reasonable.

### D. **Costs**

"The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts may also award those costs permitted by 28 U.S.C § 1920. *Lozano v. Datereybru Co.*, LLC, No. 6:19-CV-1783-CEM-LHP, 2022 WL 2317459 (M.D. Fla. Apr. 7, 2022), report and recommendation adopted, No. 6:19-CV-1783-CEM-LHP, 2022 WL 2802945 (M.D. Fla. July 18, 2022). Thus, Plaintiff seeks to recover the costs of this action,

---

[1] Although Plaintiff's counsel normally charges an hourly rate of $800 for new non-contingency clients, Plaintiff's counsel has lowered its requested hourly rate of $650 based on Judge Tuite's previous Order.

the Court filing fee ($402.00) and two process server fees ($86.00), totaling $488.00, from the Defendants. Plaintiff has provided receipts of the process server fees in support of this request.

## **Verification**

The undersigned counsel is an attorney with the law firm of Wenzel Fenton Cabassa, P.A., and has personal knowledge of the matters set forth herein. He has read this motion and states that the statements in it have been verified and are correct. Further, he has fully reviewed the time records of Wenzel Fenton Cabassa, P.A., and the supporting data on which the motion and attached affidavits are based. Undersigned counsel certifies that the motion and attached affidavits are well grounded in fact and justified.

Dated this 26th day of April, 2024.

                                  Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar No.: 0053643
Direct Dial: (813) 379-2565
**SAWYER N. FRESCOLN**
Florida Bar No. 1034987
Direct Dial: (813) 337-7993
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: sfrescoln@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**

16

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of April, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Friends of Dolphins, LLC
d/b/a Flippers Carwash
c/o Catherine D. Weis, Reg. Agent
113 South Valrico Road
Valrico, FL 33594

Sheldon Plaza, LLC
c/o Catherine D. Weis, Reg. Agent
113 South Valrico Road
Valrico, FL 33594

　　　　　　　　　　　　　　　　　　
**LUIS A. CABASSA**