## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ABEL LEON VEGA,

      Plaintiff,

v.                                                               Case No: 8:23-cv-993-CEH-NHA

FRIENDS OF DOLPHINS, LLC and
SHELDON PLAZA, LLC,

      Defendants.

_____

## **ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Natalie Hirt Adams (Doc. 33), in which she recommends that the Court grant-in-part and deny-in-part Plaintiff Abel Leon Vega's Motion for Default Judgment and Attorneys' Fees (Doc. 27). Plaintiff has filed a limited Objection to the R&R (Doc. 34). Upon consideration of the R&R, Plaintiff's Objection, and upon this Court's independent examination of the file, the Court determines that the Objection is due to be overruled, and the R&R should be adopted in every respect.

## I.    BACKGROUND

Plaintiff filed this Fair Labor Standards Act ("FLSA") action against Defendants Friends of Dolphins, LLC, and Sheldon Plaza, LLC, on May 5, 2023. Doc. 1. He alleged one count of retaliation under the Florida Workers' Compensation

Act ("FWCA"), and one count of willful violations of the FLSA. *Id.* Neither Defendant has appeared in this action despite proper service. *See* Docs. 9, 10, 22.

After successfully moving for a clerk's default against both Defendants, Plaintiff sought a default judgment and attorneys' fees. Docs. 11, 12, 13, 14. The magistrate court denied the motion without prejudice, explaining that the Complaint's allegations were insufficient as to his FLSA claim, and that he had not adequately supported his request for attorneys' fees. Doc. 17. With respect to the latter finding, the magistrate court indicated that Plaintiff's submissions did not provide enough details regarding the hours claimed or the requested fee rate of $750 per hour. *Id.*

Plaintiff sought leave to amend the Complaint, which the Court granted. Docs. 19, 20, 21. After serving the Amended Complaint on both Defendants, Plaintiff obtained another clerk's default against them. Docs. 22, 23, 24, 25, 26. Plaintiff then filed a renewed Motion for Default Judgment and Attorneys' Fees. Doc. 27. With respect to attorneys' fees, he provided an affidavit in support of his request for compensation for 17.9 hours at a rate of $650 per hour. Doc. 27-3; Doc. 27-2 ¶ 8. He described his expertise in employment law and explained that his usual rate for new non-contingency clients is $800.00 per hour. *Id.* ¶ 6.

The magistrate court issued an Order to Show Cause that directed Plaintiff to provide additional information regarding the FLSA count and his damages request. Doc. 28. Plaintiff responded promptly. Doc. 29. The magistrate court then noticed a hearing on Plaintiff's motion, noting that "Plaintiff's counsel should be prepared to demonstrate that both his requested hourly rate and specific time entries are

reasonable." Doc. 30. Plaintiff's counsel did not appear for the hearing. Docs. 31, 32. He subsequently moved to reschedule it, citing a scheduling error. Doc. 32. The magistrate court denied the motion to reschedule, and explained that it had afforded Plaintiff multiple opportunities to meet his burden of supporting the reasonableness of his fee request and it did not find that his proffered reason for missing the hearing was sufficient to warrant scheduling another hearing. Doc. 35; Doc. 33 at 27 n.9.

In the R&R, the magistrate court recommends that Plaintiff's renewed Motion for Default Judgment and Attorneys' Fees be granted-in-part and denied-in-part. Doc. 33. The magistrate court found that the allegations of the Amended Complaint adequately support Plaintiff's FLSA claim but not his workers' compensation claim. *Id.* With respect to the FLSA claim, the magistrate court recommends that Plaintiff be awarded most of the damages he sought in unpaid overtime premiums and liquidated damages, as well as the costs and post-judgment interest he requested. *Id.* However, the magistrate court recommends that the Court award only $6520.00 in attorneys' fees instead of Plaintiff's request of $11,635.00. *Id.* at 24-28. The magistrate court found that a portion of the time expended by counsel was not reasonable, and therefore recommends reducing the hours claimed from 17.9 to 16.3. *Id.* at 27-28. Further, the magistrate court found that counsel's requested hourly rate of $650 was unreasonable because it exceeds the rate typically awarded, and instead recommends an hourly rate of $400 considering counsel's significant experience in handling FLSA claims. *Id.* at 26-27.

Plaintiff filed a timely Objection to the R&R. Doc. 34. He objects only to the magistrate court's recommendation to reduce the hourly rate to $400.00 from the requested rate of $650. *Id.* Plaintiff noted that counsel has been practicing law for close to 30 years and is Board Certified in Labor and Employment by the Florida Bar. *Id.* at 2. He argues that counsel was hired based on his qualifications, skills, reputation, and years of experience, all of which justify an hourly rate of $650. *Id.* In support, he cites a 2022 case in the Middle District of Florida in which this Court awarded the same attorney a rate of $675, as well as a 2022 case in which a less-experienced colleague received a rate of $550 in the Northern District of Florida. *Id.* at 3-4. He therefore asks the Court to award attorneys' fees at an hourly rate of $650.

## II.    LEGAL STANDARD

Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Judges Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). A party may file written objections to the proposed findings and recommendations within fourteen days. *Id.* § 636(b)(1). The written objections must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## III.    DISCUSSION

Plaintiff's Objection is limited to the R&R's recommendation that the Court award attorneys' fees at an hourly rate of $400 instead of the requested rate of $650. Under the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant[.]" 29 U.S.C. § 216(b). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* (citation omitted). "Satisfactory evidence" must comprise more than the affidavit of the attorney performing the work, and "must speak to rates actually billed and paid in similar lawsuits," such as "charges by lawyers under similar circumstances." *Id.* The district court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise." *Id.* at 1304.

Upon a *de novo* review, the Court agrees with the magistrate court that Plaintiff has not met his burden of establishing that his requested rate is in line with the prevailing market rate for attorneys of similar skill and experience in similar cases. The Objection is therefore due to be overruled.

Plaintiff argued in his motion that an hourly rate of $650 is "in keeping with the prevailing market rates charged in similar employment cases by attorneys with comparable skill, reputation, and experience." Doc. 27 at 14.  In support, he cited one case in which a court in this District approved an hourly rate of $675 for the same attorney, as well as an affidavit from counsel in which he detailed his 29 years of experience and his expertise in employment law. *Id.*, citing Doc. 27-2 and *McNamara v. Brenntag Mid-South, Inc.*, No. 8:21-cv-618-MSS-JSS (M.D. Fla. Feb. 17, 2022).  His Objection cited two additional cases in which he and his less-experienced colleagues received rates of $675 and $550, respectively. Doc 34 at 3-4 , citing *Lyttle v. Trulieve, Inc.*, No. 8:19-cv-2313-CEH-TGW (M.D. Fla Aug. 18, 2022), and *Bradley v. All State Express, Inc.*, No. 1:22-cv-30-MW-GRJ (N.D. Fla. June 28, 2022).

Despite the cases Plaintiff identifies, a survey of recent individual FLSA cases in the Tampa Division of the Middle District of Florida does not support a finding that $650 is the prevailing market rate, even for an attorney with comparable experience to Plaintiff's counsel. *See*, *e.g.*, *Traini v. All Craft Marine, LLC*, No. 8:24-cv-639-JSM-AAS, 2024 WL 4818508, *2 (M.D. Fla. July 25, 2024) (collecting cases, finding $425 was a reasonable hourly rate for attorney with 24 years of experience who was board-certified in labor and employment law); *Hernandez v. Drop Runner, LLC*, No. 8:23-cv-1302-TPB-JSS, 2023 WL 8720197, *2 (M.D. Fla. Nov. 21, 2023) (approving hourly rate of $400 for attorney with more than 20 years of experience; collecting cases and observing that "[c]ourts in this district have approved an hourly rate of $400 for counsel with similar experience in similar FLSA actions."), report and recommendation

adopted by 2023 WL 8716602 (Dec. 18, 2023); *Dixon . Waste Pro of Fla., Inc.*, No. 8:22-cv-327-VMC-SPF, 2022 WL 18587780, *3 (M.D. Fla. Dec. 16, 2022) (collecting cases and concluding, "[i]n the Tampa division, $650 per hour in an individual FLSA case pushes the bounds of reasonable."), report and recommendation adopted by 2023 WL 1781516 (Feb. 6, 2023); *Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, *6 (M.D. Fla. Aug. 4, 2022)  (Honeywell, J.) (finding $400 was a reasonable hourly rate for an employment attorney with 22 years of experience in an individual FLSA case); *see also Jackson v. Creation Maintenance Inc.*, No. 6:23-cv-38-WWB-LHP, 2024 WL 1494306, *7 (M.D. Fla. Feb. 21, 2024) (in Orlando division, finding $400 rate for attorney admitted to practice in 1996 was "reasonable and customary in the Central Florida legal market."); *Vinson v. Thee Tree House, LLC*, No. 8:22cv1928-WFJ-SPF, 2023 WL 6464114, *4 (M.D. Fla. Oct. 4, 2023) (in motion for damages following summary judgment in an individual FLSA case, granting plaintiff's request for an hourly rate of $350 for attorney from same firm as Plaintiff's counsel who was admitted to practice in 2000).  Plaintiff criticizes the 2019 cases on which the magistrate court relied in the R&R as "stale," arguing that they "do not reflect the current hourly rate for employer lawyers of [his counsel's] experience and qualifications." Doc. 34 at 2-3.  But the cases cited in this paragraph, all from the last two years, suggest otherwise.

In turn, Plaintiff fails to identify any individual FLSA case in which a Tampa court found an hourly rate of $650 to be reasonable.  He does cite two cases involving class action settlements, one under the FLSA and another under the Fair Credit

Reporting Act, in which the court approved a negotiated hourly rate of $675 for the same counsel. *See McNamara v. Brenntag Mid-South, Inc.*, No. 8:21-cv-618-MSS-JSS (M.D. Fla. Feb. 17, 2022); *Lyttle v. Trulieve, Inc.*, No. 8:19-cv-2313-CEH-TGW (M.D. Fla Aug. 18, 2022). Plaintiff takes issue with the magistrate court's finding that a fee awarded in a class action case is distinguishable from a fee awarded in an individual case. Doc. 34 at 4, citing Doc. 33 at 26 n.8. However, the Court finds no error in this distinction. In determining reasonableness, a court must consider fees awarded in "similar lawsuits" and under "similar circumstances." *See Norman*, 836 F.2d at 1299[1]; *see also Tissone v. Osco Food Svcs., LLC*, No. 19-61358-CIV, 2021 WL 870526, *1 (S.D. Fla. March 9, 2021) (overruling objection to R&R that recommended a lower hourly rate for an individual FLSA case with minimal litigation that ended in default judgment; citing cases in which courts held the same). Plaintiff's failure to identify individual FLSA cases in the Tampa division in which courts approved the hourly rate he requests is a further indication that there is a distinction between individual and class actions, contrary to his contention.[2]

---

[1] The *Norman* court noted that some of the traditional factors listed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), still "have utility in establishing the hourly rate" under the modern approach to calculating attorneys' fees. 836 F.2d at 1299. Those factors include "the novelty and difficulty of the questions, "the skill requisite to perform the legal service properly," and "awards in similar cases"—to which the question of whether a case is an individual or class action is highly relevant. *Johnson*, 488 F.2d at 718-19.

[2] The Court acknowledges the Northern District of Florida individual FLSA case Plaintiff cites in his Objection, in which counsel received a rate of $550. *See Bradley v. All State Express, Inc.*, No. 1:22-cv-30-MW-GRJ (N.D. Fla. June 28, 2022). To the extent this case is relevant to the Middle District of Florida, however, it appears to be an outlier rather than an indication of the prevailing market rate.

Plaintiff did not meet his burden of establishing that the hourly rate he requested was reasonable. Accordingly, his Objection is due to be overruled and the R&R adopted in every respect, including the recommended hourly rate of reasonable attorneys' fees. Default judgment will be entered in Plaintiff's favor as to Count II.

With respect to Count I, retaliation under the Florida Workers' Compensation Act, the R&R recommends a dismissal without prejudice because the allegations are insufficient to plausibly allege a causal connection between Plaintiff's application for workers' compensation and his termination. Doc. 33 at 18-21. Plaintiff does not object to this recommendation. However, Count I arises under state law, and its resolution would require analysis of Florida law. Having resolved Count II, the only federal law claim, the Court declines to exercise its supplemental jurisdiction over Count I. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Therefore, to the extent Plaintiff wishes to pursue this claim, he may do so in state court. Count I will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 34) is OVERRULED.

2. The Report and Recommendation of the Magistrate Judge (Doc. 33) is ADOPTED, CONFIRMED, and APPROVED in all respects and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's Motion for Default Judgment and Attorneys' Fees (Doc. 27) is GRANTED-IN-PART and DENIED-IN-PART. The motion is granted to the extent that Plaintiff is entitled to a default judgment on his FLSA claim, as set forth herein. The motion is otherwise denied.

4. Plaintiff, Abel Leon Vega, is entitled to Judgment in his favor as to Count II of the Amended Complaint against Defendants, Friends of Dolphins, LLC, and Sheldon Plaza, LLC.

5. Plaintiff, Abel Leon Vega, shall recover from Friends of Dolphins, LLC, and Sheldon Plaza, LLC, jointly and severally, unpaid overtime damages in the amount of **$4,877.71**, liquidated damages in the amount of **$4,877.71**, attorneys' fees in the amount of **$6,520.00**, and costs in the amount of **$488.00**, plus post-judgment interest.

6. The Clerk is directed to enter a Judgment in favor of Plaintiff Abel Leon Vega and against Defendants, Friends of Dolphins, LLC, and Sheldon Plaza, LLC, consistent with this Order.

7. The Court declines to exercise supplemental jurisdiction over the state law claim in Count I of the Amended Complaint.  Count I is dismissed without prejudice.

8. The Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on December 27, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties